**Kevin MINER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 79462.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 16, 2002.

Mark A. Grothoff, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Dora A. Fichter, Asst. Attorney General, Jefferson City, MO, for respondent.

Before JAMES R. DOWD, C.J. and PAUL J. SIMON and SHERRI B. SULLIVAN, JJ.

### ORDER

PER CURIAM.

Kevin Miner, movant, appeals the denial of his Rule 29.15 motion for post-conviction relief from his convictions of one count of first degree murder, Section 565.020.1 RSMo (2000) (all further references herein shall be to RSMo 2000 unless otherwise noted), two counts of first degree assault, Section 565.050, three counts of armed criminal action, Section 571.015, and one count of second degree ethnic intimidation, Section 574.093 RSMo (1995) (repealed in 1999). The murder count was for the stabbing death of Michael Hunt. The assault counts were for the stabbing of Willie Davis and Timothy Decker. The ethnic intimidation count was in connection with the assault on Davis. Movant was sentenced to life imprisonment without probation or parole on the murder count; twenty-year terms on each of the assault counts, to run consecutive to the murder count; ten-year concurrent terms on each of the three armed criminal action counts; and a consecutive term of five years on the ethnic intimidation count. Movant's sentences were affirmed by an order in *State v. Miner*, 996 S.W.2d 713 (Mo.App. E.D. 1999).

Movant filed *pro se* and amended motions for post-conviction relief alleging ineffective assistance of trial and appellate counsel. The motion court denied his amended motion without an evidentiary hearing, and issued Findings of Fact and Conclusions of Law.

On appeal, movant contends that the motion court erred in denying his motion without granting an evidentiary hearing because he pleaded factual allegations unrefuted by the record which would have shown that: (1) his appellant counsel was ineffective for failing to assert on direct appeal that the trial court erred in concluding that movant was an initial aggressor not entitled to the benefit of the law on self-defense or defense of others; and (2) his trial counsel failed to call several witnesses whose testimony would have provided independent corroboration of movant's testimony, established justification for movant's actions, and refuted the State's theory of the case. Movant further argues that the motion court failed to enter specific findings of fact and conclusions of law regarding movant's claims raised in

paragraph 9(b), sections 1 and 2, of his motion, in which he alleged, essentially, that the ethnic intimidation charge merged into the assault charge with regard to Davis because the evidence did not indicate that the stabbing occurred at a time other than the ethnic intimidation and prosecutorial misconduct, and that the motion court therefore deprived movant of his opportunity for meaningful appellate review in violation of his 14th Amendment due process rights.

We have reviewed the briefs of the parties and the record on appeal and no error of law appears. An extended opinion reciting detailed facts and restating principles of law would have no precedential or jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).